UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL BUTCHER, | )<br>) Civil Action No. 01 - 1505 |
| Plaintiff, | )<br>) |
| | ) Magistrate Judge Lisa Pupo Lenihan |
| v. | )<br>) |
| AMERICAN COMMERCIAL LINES,<br>LLC, *et al.* | ) Doc. No. 105<br>)<br>) |
| Defendants. | )<br>) |

## ORDER ON MOTION TO STRIKE

Currently pending before the Court is Defendant Price Inland's Motion to Strike the Counter-Motion for Summary Judgment (Doc. No. 105) filed by Defendants Dravo Corporation and Dravo Lime Company (collectively "Dravo"). In support of its motion to strike, Price Inland makes two arguments. First, Price Inland submits that the counter-motion for summary judgment should be stricken because it was filed without leave of court more than five weeks late. In response, Dravo submits that its counter-motion for summary judgment is just that–a request for summary judgment on an issue of law that was first raised in Price Inland's motion for summary judgment and brief in support thereof. As such, Dravo maintains it was not required to file the counter-motion for summary judgment on or before the deadline for dispositive motions. The Court agrees with Dravo. It is clear from reviewing Dravo's response to Price Inland's motion for summary judgment that it is responding to Price Inland's argument as to whether a right of indemnity exists in this case. Therefore, Dravo properly included its counter-motion for summary judgment with its Reply to Price Inland's Motion for Summary Judgment. Moreover, by the Court's calculation, Dravo's reply and counter-motion for summary judgment should have been filed on or before January 7, 2008. W.D.Pa.L.R. 56.1.C.; Fed.R.Civ.P. 6(c). Dravo actually filed its reply and counter-motion for

summary judgment on January 9, 2008, only two days late. Price Inland has failed to show how it has been prejudiced by this two-day delay.

Second, Price Inland submits that Dravo's counter-motion for summary judgment should be stricken because Dravo seeks judgment on a claim for contractual indemnity not previously raised in this action. Dravo responds that Price Inland has moved for summary judgment on this precise issue and therefore can hardly claim surprise. Moreover, Dravo submits that the issue of indemnity was raised in the Third Party Complaints filed by Dravo Corporation and Dravo Lime Company. The Court agrees with Dravo. Specifically, with regard to Dravo Lime, a copy of the Amended and Restated Terminaling Agreement was attached to its Third Party Complaint, which Agreement contains an indemnification provision in Article 13. Given the liberal notice pleading requirements of Fed.R.Civ.P. 8, the Court finds that Dravo Lime's third party complaints sufficiently pleads claim of contractual indemnity and contribution against Price Inland. As to Dravo Corporation, the third party complaint contains separate counts for common law indemnity and contribution, effectively putting Price Inland on notice that indemnification would be sought in this case. Accordingly, the Court finds no merit to Price Inland's argument.

THEREFORE, in consideration of Price Inland's Motion to Strike the Counter-Motion for Summary Judgment filed by Dravo, and Dravo's response thereto, the Court enters the following Order:

**AND NOW** this 11th day of March, 2008, **IT IS ORDERED** that Defendant Price Inland's Motion to Strike the Counter-Motion for Summary Judgment filed by the Dravo Defendants (Doc. No. 105) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Price Inland shall file its response to the

Counter-Motion for Summary Judgment filed by Dravo on or before **March 25, 2008.**

_____
LISA PUPO LENIHAN
United States Magistrate Judge

cc: All Counsel of Record
Joseph P. Moschetta, Special Master